UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| 3M COMPANY,<br><br>            Plaintiff,<br><br>vs.<br><br>SOLARYNA ENERGY,<br><br>            Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. EDCV21-01648-JGB (SHKx)<br><br>*Honorable Jesus G. Bernal*<br><br>[~~PROPOSED~~] ORDER FOR PRELIMINARY INJUNCTION, CONTINUING THE SEIZURE ORDER, AND FOR UNSEALING<br><br>[~~Lodged Under Seal~~] |

    This case comes before the Court on the Court's Amended Order Granting Plaintiff's *Ex Parte* Application for Seizure Order, Temporary Restraining Order, and Order to Show Cause for Preliminary Injunction ("Plaintiff's Application"), setting a hearing on October 13, 2021 ("Seizure and Show Cause Order"), at 10:00 a.m. to consider whether to dissolve or modify the Seizure and Show Cause Order and to show cause why a preliminary injunction should not issue enjoining Defendant as specified in the Seizure and Show Cause Order.

    The Seizure and Show Cause Order set a deadline of forty-eight (48) hours prior to the commencement of the October 13, 2021 hearing for Defendant to respond to or oppose Plaintiff's Application. Defendant did not file any response or oppose Plaintiff's Application.

On October 12, 2021, Plaintiff submitted a Supplemental Declaration of Philip Eitzman and a Declaration of Michael Bryant in further support of Plaintiff's Application, along with a Proposed Order.

Prior to the October 13, 2021 hearing, the U.S. Marshals Service filed a copy of the Seized Property and Evidence Control form signed by Brent Basic reporting the results of the October 5, 2021 seizure conducted pursuant to the Seizure and Show Cause Order.

Plaintiff appeared at the October 13, 2021 hearing. Defendant [appeared / did not appear] at the October 13, 2021 hearing.

Upon consideration of the Supplemental Declaration of Philip Eitzman; the Declaration of Michael Bryant; the Seized Property and Evidence Control form; Plaintiff's Complaint, Plaintiff's previous Applications, supporting memoranda, and declarations and exhibits thereto; the arguments of counsel and all files, records, and proceedings herein; and based on the findings of fact and conclusions of law set forth in the Court's September 29, 2021 and October 1, 2021 Orders, and other good cause; **IT IS HEREBY ORDERED** that:

1. A Preliminary Injunction is **HEREBY ORDERED** in this matter as between Plaintiff 3M Company and Defendant Solaryna Energy (hereinafter "Defendant"), pursuant to the same terms and conditions as set forth in this Court's October 1, 2021 Amended Order Granting Plaintiff's *Ex Parte* Application for a Seizure Order, Temporary Restraining Order, and Order to Show Cause for Preliminary Injunction ("TRO Order"), and as set forth below.

2. Defendant, as well as its agents, representatives, employees, assigns, and all persons acting in concert or privity with them, are **HEREBY PRELIMINARILY ENJOINED FROM:**

    a. Maintaining, disseminating, reproducing, promoting, distributing, advertising, or otherwise using any of the 3M Marks, or any mark confusingly similar thereto;

    b. Using any of the 3M Marks, or any mark confusingly similar thereto, as all or part of any mark, product configuration, or design;

    c. Concealing, destroying, transferring, selling, donating, or otherwise disposing of any products bearing 3M Marks, including but not limited to such products located at 4205 E. Brickell Street, Ontario, CA 91761, as well as evidence of Defendant's manufacture, sale, or receipt of things related to Defendant's sale of counterfeit 3M-brand products bearing the 3M Marks.

    d. Using the 3M Marks and any other word, name, symbol, device, or combination thereof that is confusingly similar to the 3M Marks, for, on, and/or in connection with the manufacture, distribution, advertising, promoting, offering for sale, and/or sale of any goods or services, including, without limitation, Plaintiff's 3M-brand N95 respirators;

    e. Engaging in any false, misleading, and/or deceptive conduct in connection with 3M and its products, including, without limitation, representing itself as being an authorized distributor, vendor, agent, representative, retailer, and/or licensee of 3M and/or any of 3M's products, including, without limitation, 3M-brand N95 respirators; and

    f. Falsely representing to have an association or affiliation with, sponsorship by, and/or connection with 3M and/or any of 3M's products.

3. This Preliminary Injunction will remain in effect until the Court orders otherwise.

4. The relevant findings of fact and conclusions of law that supported the Court's entry of the seizure order and temporary restraining order on September 29, 2021, as amended on October 1, 2021, are still in effect.

5. The counterfeit respirators seized by the U.S. Marshals during the execution of the seizure order on October 5, 2021, may be **DESTROYED**. The Court reserves ruling on Plaintiff's request for an award of costs associated with that destruction.

6. The Clerk of Court is directed to **UNSEAL** the documents in this case that had been filed under seal. Any future filings in this case are to be filed on the public docket unless otherwise authorized by statute or Court order.

7. Any electronic equipment seized from Defendant, as well as hardcopy documents, shall be returned to Defendant no later than October 25, 2021.

IT IS SO ORDERED.

Dated: October 13, 2021

Hon. Jesus G. Bernal
U.S. District Judge

-4-

[PROPOSED] ORDER FOR PRELIMINARY INJUNCTION, CONTINUING THE SEIZURE ORDER, AND FOR UNSEALING